People v. Huffman Good morning, Your Honors. May it please the Court, Counsel. This appeal arises from a circuit court judge's simple misreading of a pleading and should be readily resolved on de novo review simply by reviewing the relevant pleadings and the sequence of events in this case. Basically, what's happened here is that on March 4, 2008, my client, Mr. Huffman, pled guilty pursuant to a negotiated plea agreement. He agreed to a sentence that included a three-year term of mandatory supervised release and was incorrectly admonished that that would be the term, even though he was statutorily required to serve an MSR period of three years to natural life. The original sentencing order in this case just gave him what he had bargained for, the plain three-year MSR term. Three and a half years later, Mr. Huffman learned that the sentence was contrary to the statute and that he may not get the sentence that he bargained for. So in January 2012, he filed a petition for relief from judgment under Section 214.01 of the Code of Civil Procedure. In July 2012, the Court dismissed that petition on the ground that it was untimely and that the judgment it attacked did not fit the definition of a void judgment under the statute. A few months later, the Court entered... Excuse me, and that was not appealed? That was not appealed, correct. A few months later, however, the Court entered an amended sentencing order changing Mr. Huffman's MSR period to three years to natural life, thereby imposing the sentence that he feared he would get and that he did not bargain for. So on February 25, 2013, Mr. Huffman filed a clearly labeled petition for post-conviction relief, citing the Post-Conviction Hearing Act, touching all the bases, including the affidavits, and plainly raising at least two constitutional claims. The accompanying motion for hearing also unmistakably referred to the document he filed as a petition for post-conviction relief. About ten days later, on March 7, 2013, the trial court issued an order, the subject of this appeal, that at best is thoroughly confusing. The order sought to dismiss something, but it described the plea it was dismissing as Mr. Huffman's motion for relief from judgment pursuant to Section 214.01, the one he had filed before. The order stated that the motion does not fall within any category of collateral remedies that would be available to defend it, and found the motion untimely because it was not filed within two years of judgment, the limitations period under Section 214.01, not three years from the triggering event, which is what happens under the Post-Conviction Hearing Act. So, basically, the only, also relevant is what it failed to say. It did not say anything about finding that the, what it called the motion, even though it was filed as a petition, did not find it as being frivolous or patently without merit, which is, as the court was directed to do under Section 122-2.182 of the Post-Conviction Hearing Act. Now, the order did reference the dismissal of the earlier order, the earlier motion for relief from judgment, so it was aware that it had been this prior pleading, but yet it's still referring to it plainly as another motion for relief from judgment. So, there's really only two reasonable explanations for that here, is that either the court did not read the new pleading at all, or what I think is the more likely explanation, it simply, the trial court judge simply made a human error, looked at the earlier pleading, made a ruling on the earlier pleading a second time, entered that order, and that's what we have in front of us. So, on this appeal, we're not really talking about the typical category of error of law or error of fact, we're talking about a simple human error in misreading a pleading. Happens to the best of us. But what about the Porter case? The Porter case. In that... Right. However, and the state was correct about that, it is directory rather than mandatory. However, that's one more indication that what the court was doing was looking at the wrong pleading or didn't read the post-conviction petition for whatever reason that was in front of it. It's one more indicator. That's why it's still relevant there. The 90-day period under which the court must dismiss pursuant to the Post-Conviction Hearing Act is still mandatory, however. And clearly, what we have in front of us here is not a dismissal under the Act. The court clearly read the wrong document. And I think that's, or didn't read the document in front of us, whatever the explanation. What relief are you asking us to do? Simply to reverse the order dismissing or nominally dismissing the petition and remand it so for a second-stage hearing? Because the 90-day period has lapsed. That is mandatory, not directory. And it is not told under the Baskett's case. It is not told by the fact that a notice of appeal has since been filed and taken up on appeal to this court. One of the, sorry, my allergies are kicking in. I'll ask my question in a minute. Go ahead. Okay. Well, that really is the argument. Basically, there's two subcategories of argument. If, in fact, what I believe happened and what I think the record clearly indicates happened, that the court didn't properly dismiss the post-conviction petition because it was referring to something else, the 90 days have lapsed. It's a procedural error here. It's got to go back. But even if the court, through some sprained interpretation, says, well, maybe he really did look at the right petition and this really amounts to a finding that it was frivolous or patently without merit, which is the standard, I don't think you can get there. But even if this court does, assuming an argument, then it was error for another reason because this is one of the best post-conviction petitions this court's ever likely to read. It clearly touched all the bases. It clearly raised not only the gist of a constitutional claim but went well beyond that in saying that he was misinformed by his counsel as to what the applicable penalty would be regarding mandatory supervised release. So he argued ineffective assistance of counsel, Sixth Amendment claim, and he also argued that when he was incorrectly admonished by the court as to what the applicable sentence was, both under the statute and in the actual agreement, what he was agreeing to, you have a due process violation because we cannot possibly say that his plea was knowing, intelligent, and puritary when he was misinformed about what the applicable penalty was. It's a big difference between three years of mandatory supervised release and three years to natural life left in the hands of the IBOC to determine what it would actually be. That's actually three constitutional claims because under that due process category, you've got the fact that he didn't get the benefit of the bargain, which is the Santabella case, and also it was not a plea of guilt. It was intelligent with full knowledge of its consequences, which is the Boykin v. Alabama case. That's why we have these rules requiring thorough admonishment of a person before he pleads guilty. I'll try again. Okay. One of the trial court's purported reasons for dismissing was timeliness. Right. Can you dismiss at first stage in a post-conviction petition on timeliness? No. In fact, it's clear that that is not a consideration at the first stage. The only thing the court's supposed to look at, it's basically a screening process. Is it frivolous? Is it tightly without merit? And the further thing the court looks at is does it at least have the gist of a constitutional claim? This clearly does. There is a case law cited in the brief that talks about how even if the court thought it might be untimely, that's not proper for a first stage consideration. He gets to argue that at the second stage. Because the state can waive timeliness, right? I'm sorry? The state can waive timeliness. Exactly, and that's the reason for that. It may not choose to challenge it. I would point out, however, I don't think there's any timeliness issue here, even if the court does want to think about that, because the sentence was not changed on Mr. Huffman until just a few months before he filed his petition for post-conviction relief. Up until that time, it was still set at three years MSR. So until it was changed, that didn't trigger the provision. Thank you. You'll have an opportunity for rebuttal. Thank you, Your Honor. Your Honors, Counsel, I think the largest misrepresentation that defendant's argument makes is that he did not bargain for a three-year MSR term. He didn't bargain for an MSR term. You can't bargain for an MSR term. It is imposed as an operation of law. There's no question that's what he was told he was going to get, though. No, there's no question about that. There's no question that the court dismissed the defendant's pro se pleading as if it were a petition for relief from judgment. It is kind of confusing, isn't it, to figure out what the trial court was doing here? Yes. I mean, it's a lot to just ignore, you know. Well, you know, I agree that it was confusing. But what is before this court is the correctness of the judgment below, nothing else. The court's reasoning, because review is de novo, and this court owes the reasons or lack of reasons or whatever reasons that the court put in its order below no deference. It is de novo review. And as the prevailing party, the people can argue any basis on the record in support of the judgment. And so basically, while it's confusing and you can speculate about what might have happened, it is of no import or substance at all what the court did. It's only the correctness of the judgment. And de novo review of the dismissal shows that this dismissal was correct. Now, the court, a court, may dismiss at the first stage a post-conviction petition within 90 days of filing. The court below dismissed the defendant's pleading within that 90 days, actually, within a few days of filing. So that provides no basis for reversal. And as this court has noticed, according to Porter, the content of the court's order doesn't provide a basis for reversal either, because the court is not required to put its specified findings, in fact, conclusions of law in its order. So all of those hurdles are easily surmountable. So this court then proceeds to a de novo review of the petition. But de novo review does not require this court to consider the defendant's entire petition. This court is only required to address the issues that the defendant has raised with supporting authority on appeal. Now, during oral argument just now, the defendant addresses some of the specifics of ineffective assistance of counsel that was pledged. But he did not address them in his argument in his brief on appeal. In fact, the entire ineffective assistance of counsel claim is this. The first is ineffective assistance of counsel, which plainly raised a Sixth Amendment issue, since the right to counsel under Sixth Amendment is the right to effective assistance of counsel. This kind of circular reasoning doesn't have any argument in it that discusses specifics about counsel's performance that did demonstrate the gist of a meritorious claim. This is just a conclusory statement, and this court doesn't have to review that issue. The defendant has waived it under Supreme Court Rule 341H7. The thing that the defendant does raise is it pertains to the court's admonishments. Now, according to Whitfield and Morris, Illinois Supreme Court cases, Rule 402 requires that the defendant be advised that a term of MSR will be added to the actual sentence agreed upon. Now, in this case, the defendant didn't bargain for a specific term of MSR. He can't do that, and it is not part of the bargain. What he bargained for was a 10-year sentence, and that's what he got. And he was informed by the court below that he would, when he finished serving this sentence, serve a term of MSR. So he knew that even after he had completed his sentence in DOC, his obligations to the public and to the state of Illinois were not over. What about Mr. Whitney's argument that that's to be determined at his second speaking? Well, you know, the cases cited in the People's Brief, Andrews and Lee and Davis, have to do with whether a defendant who claims in his post-conviction petition that he didn't get the benefit of his bargain because the court did not connect his plea bargain sentence with the MSR term actually connected. They have rejected that issue. They have said, no, Rule 402 does not require this. Rule 402 only requires that the defendant be admonished about the possible sentences prior to accepting the plea. And this court did that, although the cases also say that substantial compliance with Rule 402 is what is required. Now, yes, he was erroneously told that it would be three years. But, in fact, it's three years to natural life. But that error, nonetheless, substantially complies with the rule because the defendant- Let me ask you this question. Wouldn't the question of substantial compliance be more of a second stage question? No, there are cases that have dismissed that at the first stage as frivolous. What cases are those? Dorsey, People v. Dorsey. The defendant complained that the trial court failed to admonish him that his plea agreement included a three-year MSR term. And that court, Fourth District 2010 case, said no. And that was after Whitfield? Huh? That case was after Whitfield? Yeah, 2010. And they found that this was frivolous and patently without merit and that this claim was properly dismissed. And that's basically what this defendant is saying, that the court failed to admonish him and connect the MSR term to his plea agreement. And the courts have said, Dorsey and others have said no. I believe Anders. The plea agreement, the actual plea agreement, does not have to be- The court is not required by Rule 402 or by due process to connect that to a term of MSR. All that the court has to do under Rule 402, according to Morris and Whitfield and the cases that follow those two Illinois Supreme Court cases, is all the court must do is substantially comply with Rule 402 and inform the defendant that after he serves his sentence, the sentences that potentially he is eligible for, that after that a term of MSR will be added. This defendant knew that a term would be added. The court substantially complied with Rule 402 and this admonishment issue is properly dismissed as frivolous and without merit. And so, you know, although the court did not tell him that he would be eligible, I mean, that it would be three years to natural life, nonetheless, he knew that he would be serving an MSR term after he served his bargain for, because the plea bargain is the ten years. It has nothing to do with MSR terms. That's added as an operation of law. 402 only requires the court to inform him that there would be a term, and yes, it's incorrect. What the court said is incorrect, but nonetheless, it was substantial. Thank you. Thank you. Mr. Whitt. Thank you, Your Honor. First of all, following up on Justice Stewart's earlier question, the case I was trying to think of was the Beauclair case. The time on this issue doesn't come in on the first stage. Counsel argued that the petition was dismissed within the 90-day period, so we don't have that argument. But that, of course, begs the question. Again, the record shows the court purported to dismiss something within 90 days, but it was clearly not addressing the petition that was in front of it, even referring to it as a motion and clearly referring to the wrong statute. Counsel argues that we waived the ineffective assistance of counsel argument per Strickland. Because I didn't describe that with, I guess, enough thoroughness in the opening brief, I responded to that argument in a reply brief. There was no circular reasoning there. I don't think it's circular reasoning to explain to the court that when you argue ineffective assistance of counsel, based on Strickland v. Washington, that's a Sixth Amendment right. The right to counsel is the right to effective assistance of counsel. This is just referring briefly to seminal case law. It doesn't make my argument circular. So we certainly did not waive that. Finally, with respect to the other, the due process claims and the incorrect admonishment, number one, clearly, that is a second-stage argument. Basically, counsel here was arguing what might be a perfectly fine argument for the second stage, but we were here on the first stage. Did it state the gist of a constitutional claim? Clearly, it did. Most of the cases that were cited, however, in fact, in all of them, including the Dorsey case, what happened in each one of those cases, Davis, Thomas, Andrews, Dorsey, and Lee, everyone cited in the state's brief, the defendant was correctly admonished about the proper mandatory supervised release period, or mandatory supervised release period. But what the defendant in each case was complaining was that, well, the court should have described it again when describing the terms of the negotiated plea agreement. That's not what we have here. Here, Mr. Hoffman was incorrectly admonished by the court, both in describing the potential maximum and minimum sentence and in describing the term of the mandatory supervised release applicable to his sentence. So it wasn't just failing to do something. He was given the wrong information. He was given the wrong information by his attorney, and then he was given the wrong information by the court. That clearly distinguishes it from each of the cases cited by the state in its brief. But again, we shouldn't even have to go there. This is first stage. My client clearly raised the gist of a constitutional claim in his petition. So for both of the grounds cited in our brief, we respectfully request that this court reverse the order denying his petition and remand for proper second stage and other proceedings under Section 122-4 through 122-6 of the Post-Conviction Area Act. Thank you. Thank you, counsel. We'll take this under advisement and issue a decision in due course.